### PEOPLE v. MEAKIM et al.

(Court of Oyer and Terminer, New York County. May, 1892.)

DUTY OF EXCISE COMMISSIONERS—REPEAL OF LAW PENDING INDICTMENT.

   Laws 1870, c. 175, § 8, as amended by Laws 1873, c. 549, § 4, makes it the duty of the excise commissioners of any city, on complaint, to summon before them any person licensed to sell liquor, and to annul his license, if they find that he has violated any liquor law. Pen. Code, § 117, provides that any public officer who shall willfully neglect to perform any duty imposed on him shall be guilty of a misdemeanor. Laws 1892, c. 401, repeals Laws 1870, c. 175, and acts amendatory thereof, and substitutes a new system for revoking liquor licenses for violations of law, defines the duty of excise commissioners in such cases, and provides a specific penalty for a breach thereof, without excepting from its operation offenses committed or indictments found prior to its passage. *Held*, that where an indictment of excise commissioners under Pen. Code, § 117, for a violation of duty under Laws 1870, c. 175, as amended, was found before the passage of the act of 1892, but final judgment had not been reached, the indictment must fail.

Alexander Meakim, Joseph Koch, and Edward T. Fitzpatrick, excise commissioners of the city of New York, were indicted for a breach of duty. Pending proceedings on the indictment the law alleged to have been violated was repealed, and defendants demurred to the indictment. Demurrer sustained.

For former report, see 15 N. Y. Supp. 917.

De Lancey Nicoll, Dist. Atty., and Henry B. B. Stapler, Asst. Atty., for the People.

A. J. Dittenhoefer and Edgar Johnson, for defendants.

INGRAHAM, J. The defendants were indicted for a willful neglect to perform the duties imposed upon them, as the board of excise in the city of New York, by section 8 of chapter 175 of the Laws of 1870, as amended by section 4 of chapter 549 of the Laws of 1873, the indictment having been filed on the 8th day of April, 1891. The duty thus imposed upon the defendants, as the board of excise in the city of New York, was that, upon the complaint of any resident of the said city, the board should summon before them any person or persons licensed under the provisions of the act, and, if they should become satisfied that any

such person or persons had violated any of the provisions of the act, they should revoke, cancel, and annul the license of such person or persons; and the indictment alleges that such a complaint was made and was duly presented to the defendants by a resident of the city of New York, alleging that one Harry Ahrens, to whom a license had been granted under the provisions of the act, had violated the act by keeping his place open for the transaction of business between the hours of 6 A. M. and 4 P. M. on the 5th day of November, 1889, being a day designated by law for the holding of a general election throughout the state of New York; that the said Ahrens was summoned before the board, and a hearing and inquiry upon and into the truth of the allegations and charges duly had by and before the board; that said board did willfully omit and neglect to act upon, determine, and decide the said complaint, and the questions arising thereon, within a reasonable space of time after the same had been so finally submitted to and was so before them as such board of excise as aforesaid, and such willful neglect to perform a duty was made a misdemeanor by section 117 of the Penal Code.[1]  On the 13th day of April, 1892, an act (Laws 1892, c. 401) was passed by the legislature, whereby section 8 of the Laws of 1870 was repealed, there being no provision in the act excepting from its operation crimes committed or indictments found prior to the date of its passage.  It is clear that by this act of 1892 the legislature intended to substitute a new system for the revocation of licenses to sell liquor, where the licensee had violated the law regulating sales thereof under the license.  The method of procedure is changed, the duty of the commissioners as to the time within which the board of excise must act is changed, the form in which their decision must be rendered is changed, and the act for the first time specifically defines what punishment shall be inflicted upon the commissioners of excise for a violation of their duty.  What might be a defense under the old act would not be under the new.  Thus, it might be that a failure to decide within 29 days after the case had been submitted to the commissioners would be an unreasonable time under the provisions of the old act, but would not be a violation of the provisions of the new act; and a refusal to act upon a verbal charge might be a violation of a duty under the old act, but would not be under the new act; and also an act which would not be a violation of the old act might be a violation of the new act.  Thus, the board might decide orally under the old act, but under the new act the decision must be in writing; and circumstances might exist that would justify a failure to decide for a longer period than 30 days, which would not be a violation of the old act, but which would be a distinct violation of the new act.  It seems, therefore, that by the passage of the new act there was an express repeal of the old act, within the rule that "a later statute, covering the same subject-matter, and embracing new provisions, operates to repeal the prior act, although the the two acts are not, in express terms, repugnant."  People v. Jaehne,

---

[1] The section provides: "A public officer or person holding a public trust or employment, on whom any duty is enjoined by law, who willfully neglects to perform the duty, is guilty of a misdemeanor," etc.

103 N. Y. 195, 8 N. E. Rep. 374.    It follows that the act in force at the time this indictment was found is now repealed, and there is no law now in existence which made it the duty of the defendants to entertain and determine the charge specified in the indictment in January and February, 1890.

If this indictment should be now tried, what act would be necessary to prove an offense?    Would it be necessary to prove the charge that the complaint to the board of excise was in writing, or that the board had failed to file its decision within 30 days? and could the defendants be found guilty upon the failure to prove these two facts?    Clearly not, as the law, as it stands to-day, would require such proof.    Yet, but for the act of 1892, such proof would not have been necessary.    In other words, it is clear that before there could be a conviction a violation of provisions of the act of 1892 must be proved.    But the defendants cannot be convicted under the provisions of the act of 1892, because that act, as to offenses committed prior to its passage, is ex post facto; and it is thus beyond the power of the legislature to provide that it should include offenses committed prior to its passage.    Upon a conviction, under what act could the defendants be punished?    Clearly, not under section 117 of the Penal Code, because by the express provision of the act of 1892, special provisions are provided for the punishment to follow from the violation of that act. .   I see no escape from the conclusion. that by the repeal of the act of 1870 this indictment must fall.    I regret to be compelled to come to this conclusion, as it is extremely unfortunate that these defendants can escape the responsibility for their acts, without trial; and this case well illustrates the danger of amendments of laws by the legislature at the request of particular individuals, to meet particular cases, but where the object sought to be accomplished is so concealed that the real effect of the passage of the law was never considered by the legislature; for it can hardly be supposed that the legislature would have intentionally enacted that a person under an indictment for a crime against the state should, by legislative act, be relieved from all responsibility without a trial.    I am constrained, however, for the reasons stated, to sustain the demurrer, and order judgment for defendants.